[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2010
JOHN LEY
CLERK

No. 09-14857
Non-Argument Calendar

_____

D. C. Docket No. 90-00262-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE DONNELL MACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 5, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In United States v. Mack, 988 F.2d 1216 (11th Cir. 1993) (Table), we

affirmed appellant's convictions and sentences for robbing an FBI agent, in violation of 18 U.S.C. § 2112, assaulting the agent with a deadly weapon, in violation of 18 U.S.C. §§ 111 and 1114, and with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In affirming his sentences, we rejected the argument that the district court erred in sentencing appellant as a career offender under U.S.S.G. § 4B1.1.

On March 5, 1988, appellant moved the district court to modify his sentences pursuant to 18 U.S.C. § 3582(c), in light of Amendment 433 to the Sentencing Guidelines. He argued that Amendment 433 clarified that the crime of felon-in-possession-of-a firearm no longer constituted a "crime of violence" under § 4B1.1; hence, he should not have been sentenced as a career offender. The district court denied his motion, and we affirmed. United States v. Mack, 247 F.3d 246 (11th Cir. 2001) (Table).

On June 30, 2008, appellant once again moved the district court to modify his sentences pursuant to 18 U.S.C. § 3582(c)(2) on the ground that Amendment 433 established that the court had erred in using his felon-in-possess-of-a-firearm conviction as a basis for sentencing him as a career offender. The district court denied his motion. He now appeals the ruling, contending that the district court's ruling constituted an abuse of discretion because the court failed appropriately to

2

consider the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), which analyzed the definition of a "violent felony" for Armed Career Criminal Act purposes, in ruling on his motion.

Under the law-of-the-case doctrine, a decision of a legal issue establishes the "law of the case" and "must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court," unless (a) the evidence in a subsequent trial is substantially different; (b) there is a change in controlling law; or (c) the decision was clearly erroneous. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1561 (11th Cir. 1997) (quotation omitted). The law-of-the-case doctrine applies in proceedings commenced pursuant to 18 U.S.C. § 3582(c)(2). *See id.* at 1557. In this case, the law-of-the-case doctrine does apply to appellant's successive § 3582(c)(2) motion because we previously affirmed the district court's denial of appellant's earlier § 3582(c)(2) motion, and no exception to the doctrine applies.

AFFIRMED.